# EXHIBIT C

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

FILED
12/2/2024 3:21 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09910
Calendar, 4
30420180

COOK COUNTY CIRCUIT COURT
CHANCERY DIVISION

| | | |
|---|---|---|
| SIMPLY SMART TECHNOLOGY, LLC | ) | |
| | ) | |
| v. | ) | 2024CH09910 |
| | ) | |
| NEXT INSURANCE, INC. | ) | |

### NEXT INSURANCE US COMPANY'S (incorrectly sued as Next Insurance, Inc.)
### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, NEXT INSURANCE US COMPANY (incorrectly sued as Next Insurance, Inc.) ("Next"), by and through its attorney, William G. Albee, of Gauntt Koen Binney & Kidd, LLP, and for its Answer to Plaintiff's Complaint, states:

### Count I
### Declaratory Relief Pursuant to 735 ILCS 5/2-701

1. Simply Smart is an Illinois based limited liability company which, at all relevant times, leased commercial space on the premises located at 1890 N. Milwaukee Ave., Suite 1A, Chicago IL 60647 (Commercial Unit).

ANSWER: Upon information and belief, Next admits the allegations contained in Paragraph No. 1.

2. Next Insurance is a foreign corporation that maintains a registered agent of Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

ANSWER: Next admits the allegations contained in Paragraph No. 2.

3. On or about 5/1/2024, Simply Smart was the named insured under a commercial property coverage policy with Next Insurance identified as Policy Number: NXTCKWKYLL-00-CP. A copy of the policy is attached as **Ex. 1**. (Policy)

ANSWER: Next admits the allegations contained in Paragraph No. 2.

4. The Policy constituted a contract between Simply Smart and Next.

ANSWER: Next admits the allegations contained in Paragraph No. 4.

5. Simply Smart is a tenant of the premises. A copy of Simply Smart lease agreement is attached as **Ex 2**. Paragraph 12 of the Lease places the responsibility of the cost for such improvements on the tenant.

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

ANSWER:     Next admits the allegations contained in Paragraph No. 5.

6.      On 5/1/2024, a plumber hired by a residential condominium unit owner located above Simply Smart punctured a sewer line located above Simply Smart's Commercial Unit causing sewerage to pour into the ceiling and throughout the Commercial Unit.

ANSWER:     Next lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 6. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 6.

7.      Simply Smart had installed tenant improvements and betterments on the property at a cost of $22,409.00 (**Ex 3**) which items were destroyed by the incident.

ANSWER:     Next lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 7. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 7.

8.      Under the Property Loss Condition Paragraph E.5.d.(3)(b), building coverage is provided for tenant improvements and betterments.

ANSWER:     Next denies the allegations contained in Paragraph No. 8.

9.      Section 1 of the Policy provides $20,000.00 of business personal property coverage.

ANSWER:      Next denies the allegations contained in Paragraph No. 9.

10.     For these items, at a minimum, Next should tender payment of $20,000.00.

ANSWER:     Next denies the allegations contained in Paragraph No. 10.

11.     Attached as **Exhibit 4** is a true and correct copy of an email from Next Insurance reflecting its failure and refusal to provide any coverage under the Policy.

ANSWER:     Next admits that Exhibit 4 is a true and correct copy of correspondence from Next Insurance, but lacks sufficient knowledge or information to admit or deny that Exhibit 4 is a true and correct copy of an email. Next denies the remaining allegations contained in Paragraph No. 11.

        Wherefore, Defendant, Next Insurance Inc., respectfully requests dismissal of Count I of Plaintiff's Complaint, and for such other and further relief this Court deems just and equitable.

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

## Count II
## Breach of Contract

1-11.   Simply Smart hereby incorporates paragraphs 1-11 of Count I as paragraphs 1-11 of this Count II.

ANSWER:   Next adopts and incorporates is answers to Paragraph Nos. 1-11 as if set forth fully herein.

12.   Next Insurance breached the policy by refusing to pay Simply Smart as required under the terms of the Policy. Simply Smart has been damaged in the amount of $20,000.00.

ANSWER:   Next denies the allegations contained in Paragraph No. 12.

Wherefore, Defendant, Next Insurance Inc., respectfully requests dismissal of Count II of Plaintiff's Complaint, and for such other and further relief this Court deems just and equitable.

## Count III
## Violation of 215 ILCS 5/155 of the Illinois Insurance Code

1-11.   Simply Smart hereby incorporates paragraphs 1-11 of Count I above as paragraphs 1-11 of this Count III.

ANSWER:   Next adopts and incorporates is answers to Paragraph Nos. 1-11 as if set forth fully herein.

13.   Simply Smart violated Section 215 ILCS 5/155 of the Illinois Insurance Code through its bad faith denial of Simply Smart's claim.

ANSWER:   Next denies the allegations contained in Paragraph No. 13.

14.   On 5/1/24, a plumbing company under the name of B.E. Leak Free came to service a plumbing line for a residential unit located above the ceiling of Simply Smart's Commercial Unit. A true and correct copy of the invoice for this work is attached as **Exhibit 5**.

ANSWER:   Next lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 14. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 14.

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

15.     Later that day, Simply Smart found sewerage had drained into the Commercial Unit and contacted Four Seasons Plumbing who found that the rodding done by B.E. Leak Free had caused a puncture in the sewerage line which was the cause of the sewerage leaking into the Commercial Unit. Attached as **Exhibit 6** is a true and correct copy of the invoice from Four Seasons.

ANSWER:     Next lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 15. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 15.

16.     Simply Smart thereafter filed a claim with Next Insurance under the Policy.

ANSWER:     Next admits the allegations contained in Paragraph No. 16.

17.     On 5/2/2024, Simply Smart received an email from Next Insurance assigning claim number NXT-ILCP-QHLJWL to the claim. (**Ex. 7**)

ANSWER:     Next admits that Simply Smart received an email from Next Insurance on May 2, 2024, but denies the claim number. The claim number assigned to Simply Smart was NXTC-ILCP-QHLJWL.

18.     On May 3, 2024, a Next Insurance claims advocate (Wendy Dye) wrote a letter stating:

"After reviewing your policy, we have determined that your insurance does not cover your claim for water damage…Your commercial property policy excludes water damage that backs up or overflows or is otherwise discharged from a sewer or drain. The policy also excludes coverage for damages caused by water if the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs." (**Ex. 8**)

ANSWER:     Next admits the allegations contained in Paragraph No. 18.

19.     On May 4, 2024, Simply Smart wrote an email to Ms. Dye disputing her assertions. (**Ex. 9**)

ANSWER:     Next admits the allegations contained in Paragraph No. 19.

20.     On May 6, 2024, Ms. Dye clarified and reiterated by way of a letter that "your claim was denied due to the policy's exclusion for water damage resulting from a drain line leak." (**Ex. 10**)

ANSWER:     Next admits the allegations contained in Paragraph No. 20.

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

21.     Ms. Dye's letter of May 6, 2024, contains materially false representations. Specifically, the policy does not have any language that excludes "water damage resulting from a drain line leak". Section I.B.1.g(3) for Exclusions indicates that Next Insurance will not pay for loss or damage caused by:

> "Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;"

ANSWER:     Next denies the allegations contained in Paragraph No. 21.

22.     In her letter of May 6, 2024, Ms. Dye inserts the word "line" in stating what is not covered. The Policy does not exclude coverage relating to a "drain line". It only excludes "discharge from a … drain".

ANSWER:     Next admits the word "line" appears in the May 6, 2024 letter from Ms. Dye. Next denies the remaining allegations contained in Paragraph No. 22.

23.     By adding the word "line", Ms. Dye has materially altered the actual policy language.

ANSWER:     Next denies the allegations contained in Paragraph No. 23.

24.     Ms. Dye also claims that the denial was a result of "water damage". However, the damage was caused by sewerage, not just water.

ANSWER:     Next admits the May 6, 2024 correspondence from Ms. Dye indicates the claim was "denied due to the policy's exclusion for water damage…" Next lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 24. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the remaining allegations contained in Paragraph No. 24.

25.     Ms. Dye claims that the damage resulted from a 'leak' when in reality it resulted from the breach of a pipe by a plumber, not a leak. The exclusionary language cited by Ms. Dye does not exclude a punctured pipe from coverage.

ANSWER:     Next denies the allegations contained in Paragraph No. 25.

26.     On June 12, 2024, Simply Smart caused a letter to be sent to Ms. Dye explaining her misstatement of the policy language and facts. (**Ex. 11**).

ANSWER:     Next admits Simply Smart caused a letter to be sent to Ms. Dye on June 12, 2024, but denies Ms. Dye misstated any policy language or facts.

27.     Next Insurance did not respond to the letter of June 12, 2024.

ANSWER:     Next admits the allegations contained in Paragraph No. 27.

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

28. Simply Smart registered a complaint with the Illinois Department of Insurance. On August 25, 2024, Next Insurance wrote a response to this complaint. (**Ex 12**) That response contains inaccurate statements.

        a. Paragraph 3 of the response states that the loss stemmed "from a burst sewage pipe". This is a false statement. A pipe did not burst. It was punctured by a plumber.

        b. The letter then states that this resulted in "water damage". This is not accurate. The puncture resulted in sewage damage.

ANSWER:     Next admits Simply Smart registered a complaint with the Illinois Department of Insurance and further admits Next wrote a response dated August 25, 2024. Next denies the remaining allegations contained in Paragraph No. 28.

29. Under the Policy, the definition of water damage requires that the damage be "the direct result of the breaking apart or cracking of a water or sewer pipe…if the breakage or cracking is caused by wear and tear." (H.12.c.)

ANSWER:     Next denies the allegations contained in Paragraph No. 29.

30. This situation was not wear and tear. It was an active sudden breach caused by a plumber.

ANSWER:     Next lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 30. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 30.

31. On Page 2 of **Exhibit 12**, Next Insurance states that the "The Insured's Commercial Property policy does not include building coverage." This is not a correct statement. Under the Property Loss Condition Paragraph E.5.d.(3)(b), building coverage is provided for tenant improvements and betterments.

ANSWER:     Next admits Page 2 of Exhibit 12 states the "Insured's Commercial Property policy does not include building coverage.", but denies the remaining allegations contained in Paragraph 31.

32. On October 25, 2024, Next reiterated its position (without citing any particular provisions of the Policy) that "there is no limit for building coverage, the property was vacant at the time of the water damage, the loss was alleged to have been caused by the negligent work of a plumber, and the loss is excluded by the water exclusion." A true and correct copy of a letter sent by Next is attached as **Exhibit 4**.

ANSWER:     Next admits the above-referenced quote appears in Exhibit 4 of Plaintiff's Complaint.

FILED DATE: 12/2/2024 3:21 PM    2024CH09910

33.     Next Insurance did not conduct any independent investigation of the cause of incident leading to the sewerage flowing into the Commercial Unit.

ANSWER:     Next denies the allegations contained in Paragraph No. 33.

34.     Next Insurance did not inspect or evaluate the damage or the Property.

ANSWER:     Next denies the allegations contained in Paragraph No. 34.

35.     Next insurance did not contact B.E. Leak Free to find out how the incident occurred.

ANSWER:     Next lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 35. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 35.

36.     Next Insurance did not contact Four Seasons Plumbing to determine how the incident occurred.

ANSWER:     Next lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 36. To the extent Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 36.

37.     Next Insurance did not gather any actual evidence to justify its determination not to cover the claim.

ANSWER:     Next denies the allegations contained in Paragraph No. 37.


38.     In Illinois, an insurance company will be found to be acting in bad faith when it shows "failure to adequately investigate a claim or denial of the claim without adequate supporting evidence; failure to evaluate a claim objectively; interpreting policy provisions in an unreasonable manner;..." *Emerson v. American Bankers Ins. Co. of Florida*, 585 N.E.2d 1315, 1320-1321 (Ill. App. 1992).

ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 38. To the extent that Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 38.

39.     Next Insurance failed to adequately investigate Simply Smart's claim, it has issued a denial without adequate supporting evidence, it has failed to evaluate the claim objectively and it has interpreted the Policy in an unreasonable manner.

ANSWER:     Next denies the allegations contained in Paragraph No. 39.

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

40.     According to 215 ILCS 5/155(1): "In any action by or against a company wherein there is an issue of liability of a company on a policy…of insurance or the amount of the loss payable thereunder…and it appears that such action…is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:…(b) $60,000…"

ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph No. 38. To the extent that Next is not permitted to answer that it lacks sufficient knowledge or information, Next denies the allegations contained in Paragraph No. 40.

41.     Next Insurance's denial of Simply Smart's claim is vexatious and unreasonable.

ANSWER:     Next denies the allegations contained in Paragraph No. 41.

        Wherefore, Defendant, Next Insurance Inc., respectfully requests dismissal of Count III of Plaintiff's Complaint, and for such other and further relief this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

        NOW COMES Defendant, NEXT INSURANCE INC., ("Next"), by and through its attorneys, William G. Albee of Gauntt Koen Binney & Kidd LLP, and hereby sets forth its affirmative defenses to Plaintiff's Complaint as follows:

1.     At all times relevant hereto, there was in effect in Illinois, a statute known as Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. Section 155 does not create a duty to settle, and a delay in settling a claim does not violate the code. *Uhlich Children's Advantage Network v. Nat'l Union Fire Co. of Pittsburgh, PA*, 389 Ill. App. 3d 710, 723 (1st Dist. 2010). Accordingly, Plaintiff's claims against Next are barred, in whole or in part, because there has been no vexatious or unreasonable delay.

2.     Next has a *bona fide* defense in the position it took; therefore, a suit based upon Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, cannot be maintained against Next. See *Baxter Int'l, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 369 Ill. App. 3d 700, 710, 308 Ill. Dec. 198, 207, 861 N.E.2d 263, 272 (2006) ("An insurer's delay in settling a claim will not be deemed vexatious or unreasonable for purposes of section 155 sanctions where a *bona fide* dispute over coverage exists.)

3.     Because a statutory claim under 215 ILCS 5/155 is dependent on an underlying claim, in the event Counts I and II of Plaintiff's claim fail; Count III of Plaintiff's Complaint, based solely on 215 ILCS 5/155, must be dismissed. See *Moles v. Ill. Farmers Ins. Co.*, 2023 IL App (1st) 220853, ¶ 19.

4.     At all times relevant to this matter, the Policy, marked as Exhibit 1 in Plaintiff's Complaint, was in full force and effect.

FILED DATE: 12/2/2024 3:21 PM   2024CH09910

5.  The Policy contained numerous exclusions that apply to Plaintiff's claim. Paragraph B. Exclusions part 1 states:

> "We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area."

6.  Under Exclusions 1.g. Water, paragraph 3 contains the following exclusion:

> "Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;"

7.  The water exclusion paragraph goes on to state:

> "This exclusion applies regardless of whether any of the above, in Paragraphs (1) through (5), is caused by an act of nature or is otherwise caused."

8.  Therefore, Next justifiably denied coverage for Plaintiff's loss pursuant to the above-referenced exclusion under the Policy.

9.  Further, Paragraph B. Exclusions part 3.c. of the Policy also states Next will not pay for loss or damage caused by negligent work, which includes faulty, inadequate, or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction…

10. Pursuant to Paragraph B. Exclusions part 8. Vacancy, a building is vacant when it does not contain enough business personal property to conduct customary operations.

11. The vacancy exclusion goes on to state that if the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs, Next will not pay for any loss or damage caused by water damage even if it is a Covered Cause of Loss.

12. Simply Smart asserts the loss was the result of a plumber negligently puncturing a drainpipe.

13. Therefore, Next justifiably denied coverage for Plaintiff's loss pursuant to the negligent work exclusion under the Policy.

FILED DATE: 12/2/2024 3:21 PM    2024CH09910

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD, LLP

By:___/s/ William G. Albee_____
        William G. Albee
        Illinois State Bar No. 6326531
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email:       william.albee@gkbklaw.com
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

This certifies that on December 2, 2024, the above-referenced document was served on the following individuals and/or parties to this lawsuit via electronically, facsimile, email, certified mail, return receipt requested and/or first-class mail:

Adam Whiteman
Whiteman Law
276 E. Deerpath
Lake Forest, IL 60045
Telephone:    (312) 655-1000
Email: Adam@WhitemanLaw.com
*Counsel for Plaintiff*

/s/ William G. Albee_____
William G. Albee